Filing # 61122841 E-Filed 08/30/2017 11:19:36 AM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

JWB REAL ESTATE CAPITAL,
LLC, a Florida Limited Liability Company

    Plaintiff,

v.


CITY OF JACKSONVILLE BEACH, a municipal
Corporation of the State of Florida,

    Defendant,
_____/

## COMPLAINT

Plaintiff, JWB REAL ESTATE CAPITAL, LLC, (the "Plaintiff") hereby sues the CITY OF JACKSONVILLE BEACH, FLORIDA, a municipal Corporation of the State of Florida (the "Defendant") and alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action seeking injunctive relief, declaratory relief and damages exceeding $15,000.00.

2. Plaintiff owns property in Duval County, Florida located at 1010 2nd Avenue North, Jacksonville Beach, Florida (the "Property").

3. The Property is located in Duval County, Florida. This cause of action arose in Duval County, Florida.

4. Property is zoned Residential Multi-Family-1 ("RM-1") on Defendant's zoning map.

5. The RM-1 Zoning District allows the following permitted uses by right:

Two-family dwellings;

Elderly-oriented group homes, group homes for the developmentally-or physically-disabled or foster homes with less than six (6) residents;

Multiple family dwellings;

Townhouse dwellings;

Zero lot line detached single family dwellings; and

Type I home occupations. *See* **Exhibit A.**

6. Up to six (6) townhouses are allowed to be built contiguous to each other. *See* **Exhibit A.**

7. Two (2) parking spaces are required for each townhouse. *See* **Exhibit B.**

8. The RM-1 Zoning District allows the following accessory uses by right:

Swimming pools, tennis courts and similar recreational facilities;

Detached garages and carports;

Utility sheds and workshops;

Boat houses, docks, piers and similar structures;

Doghouses and similar structures for housing household pets;

Gazebos, cabanas and other similar structures;

Non-commercial television and radio antennas not exceeding a height of fifteen (15) feet above roof line;

Barbecue pits;

Vegetable gardens, non-commercial greenhouses, and similar uses; and

Any use customarily accessory to the permitted and conditional uses in the RM-1 Zoning District. *See* **Exhibit A.**

9. Accessory Uses and Structures are defined by Defendant's Land Development Code as: Non-commercial greenhouses, gardens, detached garages and carports, piers, docks, and boat houses or shelters, utility sheds and workshops, swimming pools, tennis courts, private golfing facilities, barbecue pits, non-commercial antenna structures for television and radio, children's playhouses or play equipment, and similar uses or structures which: do not exceed fifteen (15) feet in height; the combined ground floor area of all enclosed, detached accessory use buildings shall not exceed six hundred twenty-five (625) square feet; do not involve the conduct of business of any kind; are of a nature not likely to attract visitors in large numbers than would normally be expected in a residential neighborhood; and do not involve operations or structures not in keeping with the character of the residential neighborhood. *See* **Exhibit C**.

10. Plaintiff submitted to Defendant plans to develop six (6) townhouses on Property ("Plans", attached as **Exhibit D**).

11. The Plans provide that each townhouse will have a two (2) car garage. *See* **Exhibit D**.

12. The Plans show some of the driveways and walkways are within five (5) feet of the proposed internal property lines of the proposed townhouses. *See* **Exhibit D**.

13. The Plans show that the driveways and walkways are not within five (5) feet of the outside property lines of Property.

14. Defendant's Planning and Development Department (the "PDD") processes and approves development plans and permits.

15. The PDD refused to process the Plans and thereby refused to approve or deny the Plans. *See* **Exhibit E**.

16. The PDD refused to process the Plans because it initially explained that driveways and walkways for townhouses are "accessory structures." *See* **Exhibit E**.

17. Accessory Uses and Structures, per the Land Development Code, must be more than five (5) feet from any property line, principle or accessory structures. *See* **Exhibit A**.

18. The PDD provided that it would not process the Plans unless and until Plaintiff filed for and received a variance for the driveways and walkways from Defendant's Board of Adjustment. *See* **Exhibit E**.

19. Subsequent to the PDD's explanation that driveways are "accessory structures", the PDD has explained that driveways are actually "parking areas" and not "accessory structures."

20. Off-street parking areas are required to be more than five (5) feet from any property line or established right-of-way. *See* **Exhibit E**.

21. The PDD provided that it would not process the Plans unless and until the Plaintiff filed for and received a variance from Defendant's Board of Adjustment to reduce the "parking area" setback.

22. The PDD does not believe that Plaintiff meets the applicable standards for a variance pursuant to Defendant's Land Development Code and therefore the PDD believes the Board of Adjustment should deny any variance application on this issue that Plaintiff submits.

23. The townhouses in the Plans provide parking in the two (2) car garages attached to each townhouse. *See* **Exhibit D**.

24. The PDD has provided that condominiums and apartments with the exact same design as the Plans would be approved because there would be no "internal" property line(s).

25. As the PDD has refused to process the Plans and thereby has refused to make a decision approving or denying the application for the Plans, it is impossible for Plaintiff to administratively challenge the PDD's explanation pursuant to Section 34-261, Ordinance Code. *See* **Exhibit E**.

26. Plaintiff is not limiting its attack on the PDD's position on walkways and driveways as to its effect on Plaintiff's own particular property, but instead is making a general attack on its validity as it unreasonably and arbitrarily limits and restricts the processing of any and all future applications for development permits for townhouses filed by Plaintiff or other parties.

27. Plaintiff has reached out to meet with the PDD regarding its explanation as to the Plans and Property, but the PDD has failed to respond, thereby rendering the PDD's position final.

## COUNT 1 – DECLARATORY JUDGMENT

28. This is an action for declaratory judgment pursuant to Chapter 86, Florida Statutes. Paragraphs 1-27 are hereby incorporated.

29. Based on the allegations contained herein, there exists a case of actual controversy within the scope of Chapter 86, Florida Statutes, which should be resolved by the exercise of this Court's declaratory judgment jurisdiction. Because of the actions/inactions of Defendant as to the Plans and Property, there exists a *bona fide*, present, practical need for judicial declaration establishing the Plaintiff's rights under the Land Development Code.

30. The foregoing factual allegations show that there is a substantial controversy between the parties having adverse legal interests, which are of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

31. A declaratory judgment will establish the clear legal position of the parties and will clarify the legal relations at issue. The aforementioned activities by Defendant create a doubt about the legal authority of Plaintiff to pursue development of Property pursuant to the provisions of the Land Development Code.

32. Driveways connect established right-of-ways to property and/or the principle structures.

33. Neither driveways nor walkways are listed as accessory uses in the Land Development Code nor are they similar to the items listed.

34. The required parking for the proposed townhouses is provided in the two (2) car garages.

35. The following require resolution by declaratory judgment:

    (a) Whether driveways and walkways for townhouses are accessory structures and/or uses?

    (b) Whether driveways for townhouses are parking areas?

## COUNT II – EQUAL PROTECTION AND DUE PROCESS, 42 U.S.C. §1983, CONST. AMEND. XIV

36. This is an action under 42 U.S.C. § 1983, U.S. for violations of Const. Amend. XIV, paragraphs 1-35 are hereby incorporated.

37. This Court had concurrent jurisdiction over claims brought under 42 U.S.C. § 1983.

38. Defendant has refused to process the Plans because Defendant has explained that the driveways constitute an accessory use/structure and/or a parking area. *See* **Exhibit D**.

39. The portion of the Land Development Code which concerns accessory uses has been the same since 2004.

40. The portion of the Land Development Code which concerns parking areas has been the same since 1991.

41. Defendant approved plans for residential units at 100 and 102 8th Avenue South, Jacksonville Beach where the driveways were within five (5) feet of the internal property line. No variance was required for the driveways.

42. Defendant approved plans for residential units at 605 2nd Street South, Jacksonville Beach where the driveway is within five (5) feet of the internal property line. A variance was required for the side yards, front yards and rear yard setbacks for three (3) unit townhouse development, but no variance was required for the driveway.

43. Defendant approved plans for residential units at 127-129 9th Avenue North, Jacksonville Beach where the driveways are within five (5) feet of the internal property line. A variance was required for the side yards, front yards, rear yards but no variance was required for the driveways. Each garage is a single car garage.

44. Defendant approved plans for residential units at 107-109 14th Avenue North, Jacksonville Beach where the driveways are within five (5) feet of the internal property line. No variance was required for the driveways.

45. Defendant approved plans for residential units at 616-624 2nd Avenue North, Jacksonville Beach where the driveways are within five (5) feet of the internal property lines. No variance was required for the driveways.

46. Defendant approved plans for residential units at 720-722 4th Street North, Jacksonville Beach where the driveways are within five (5) feet of the internal property line. A

variance was required for the side yards, rear yards and lot coverages, but no variance was required for the walkways.

47. Defendant approved plans for residential units at 418 7th Avenue North, Jacksonville Beach where some of the driveways and walkways are within five (5) feet of the internal property lines. No variance was required for the driveways or walkways.

48. Defendant approved plans for residential units at 102-104 10th Avenue North, Jacksonville Beach where the walkways are within five (5) feet of the property line. No variance was required for the walkways.

49. Defendant approved plans for residential units at 116-118 10th Avenue North, Jacksonville Beach where the walkways are within five (5) feet of the internal property line. No variance was required for the walkways.

50. Defendant approved plans for residential units at 132-134 9th Avenue North, Jacksonville Beach where the walkways are within five (5) feet of the internal property line. Variances were required for the side yards, front yards, rear yards and lot coverage but no variance was required for the walkways.

51. Defendant approved plans for residential units at 105-107 10th Avenue North, Jacksonville Beach where the walkways are within five (5) feet of the internal property line. No variance was required for the walkways.

52. Defendant approved plans for residential units at 197-199 11th Avenue North, Jacksonville Beach where the driveways are within five (5) feet of the internal property line. A variance was required for the rear yard and the lot coverage, but no variance was required for setbacks for the driveways. Each garage is a single car garage and parking is allowed in the driveway.

53. Defendant approved plans for residential units at 1410 1st Street South, Jacksonville Beach where the driveways and walkways are within five (5) feet of the internal property lines. No variance was required for the driveways or walkways. Some of the garages are single car garages and parking is allowed in the driveways. For a 2004 proposed (but not built) nine (9) unit building on this property, Defendant required variances for: corner side yards, lot coverage, size of six (6) parking spaces, size of parking aisles, turning or maneuvering space for six (6) parking spaces, a reduction in parking spaces from eighteen (18) to sixteen (16) and a parking area setback adjacent to the north, south and southeast corner on the outside of property. The current building is five (5) units and there are no parking spaces, parking areas, or parking aisles.

54. Defendant approved plans for residential units at 2202-2204 1st Avenue South, Jacksonville Beach where the driveways are within five (5) feet of the internal property lines. A variance was required for lot coverage, front, rear and side setbacks and type of material used in the driveways, but no variance was required for setbacks for the driveways.

55. Defendant approved plans for residential units at 457-487 4th Avenue South, Jacksonville Beach where the driveways are within five (5) feet of the internal property lines and parking is allowed in the driveways. A variance was required for the lot coverage, but no variance was required for the driveway.

56. Defendant approved plans for residential units at 1143-1145 6th Street South, Jacksonville Beach where the driveways are within five (5) feet of the internal property line. No variance was required for the driveways. Parking is allowed in the driveway of these townhouses.

57. Defendant approved plans for residential units at 1105-1107 6th Street South, Jacksonville Beach where the driveways are within five (5) feet of the internal property line. A variance was required for the rear yard setback and the lot coverage, but no variance was required for the driveways.

58. Defendant approved plans for residential units at 2043 2nd Avenue South, Jacksonville Beach where the driveways are within five (5) feet of the internal property line. No variance was required for the driveways. A variance was required for the setback for the patio, which Defendant termed an "accessory" structure.

59. Defendant approved plans for residential units at 401-419 5th Avenue South, Jacksonville Beach where the driveways are within five (5) feet of the internal property lines. A variance was required for the front yard setback for one unit, side yard setback and lot coverage for one unit, lot coverage for one unit, side yard setbacks and lot coverage for one unit, lot coverage for one unit, but no variance was required for the driveways and parking is allowed in the driveways.

60. Defendant approved plans for residential units at 412-414 5th Avenue South, Jacksonville Beach where the driveways are within five (5) feet of the property lines. No variance for the driveways was required and parking is allowed in the driveways.

61. Defendant approved plans for residential units at 1330 2nd Street South, Jacksonville Beach where some of the driveways are within five (5) feet of the internal property line and the walkways are within (5) feet of the property line. No variance was required for the driveways or walkways. The garages are single car and parking is allowed in the driveway of these townhouses. For plans submitted in 1999 for a project ultimately not built on this site, Defendant required a variance for: the front yard setback; the corner

side yard setback; the lot coverage; an increase in parking spaces from ten (10) to eleven (11) without a landscape "interruption"; the landscape buffer; and a setback of three (3) feet from the westerly property line and zero feet along the northern property line for the "parking area." The current property does not have any parking areas or any driveways that are within five (5) feet of the westerly property line or the northerly property line. Plans submitted in 2003 required a variance for the rear yard setback.

62. Defendant approved plans for residential units at 112 7th Avenue South, Jacksonville Beach where the driveways are within five (5) feet of the internal property line. A variance was required for the side yard and a rear yards, but no variance was required for the driveways.

63. Defendant approved plans for residential units at 1088-1090 7th Avenue South, Jacksonville Beach where the driveways are within five (5) feet of the internal property line. No variance was required for the driveways.

64. Defendant approved plans for residential units at 116-118 11th Avenue South, Jacksonville Beach where the driveways are contiguous to the internal property line. A variance was required for the side yards, the rear yards, and lot coverage but no variance was required for the driveways. Each garage is a single car garage and parking is allowed in the driveway.

65. Defendant approved plans for residential units at 978 8th Street South, Jacksonville Beach where the driveways are contiguous to the internal property line. A variance was required for the lot coverage, but no variance was required for the driveway. Each garage is a single car garage and parking is allowed in the driveway.

66. Defendant approved plans for residential units at 420–424 4th Avenue South, Jacksonville Beach where the walkways are within five (5) feet of the internal property line. A variance was required for the side yard setback and lot coverage but not the driveways or walkways.

67. Defendant approved plans for residential units at 891-893 6th Avenue South, Jacksonville Beach. The driveways are contiguous to the internal property line and parking is allowed in the driveway. A variance was required for the side yard setback and the lot coverage but no variance was required for the driveways.

68. Defendant approved plans for residential units at 883-885 6th Avenue South, Jacksonville Beach. The driveways are contiguous to the internal property line and parking is allowed in the driveway. Variances were required for the side yards and lot coverage but no variance was required for the driveways.

69. Defendant approved plans for residential units at 803-805 6th Avenue South, Jacksonville Beach. The driveways are contiguous to the internal property line. Variances were required for the side yard and lot coverage but no variance was required for the driveways.

70. Defendant approved plans for residential units at 851-853 6th Avenue South, Jacksonville Beach. The driveways are contiguous to the internal property line and parking is allowed in the driveway. A variance was required for the side yard and lot coverage, but no variance was required for the driveway.

71. Defendant approved plans for residential units at 835-837 6th Avenue South, Jacksonville Beach. The driveways are contiguous to the internal property line and parking is allowed

in the driveways. A variance was required for the side yards and the lot coverage, but no variance was required for the driveways.

72. Defendant approved plans for residential units at 819-821 6th Avenue South, Jacksonville Beach. The driveways are contiguous to the internal property line and parking is allowed in the driveways. A variance was required for the side yards and the lot coverage but no variance was required for the driveways.

73. Defendant approved plans for residential units at 880-882 10th Avenue South, Jacksonville Beach. The driveways are contiguous to the internal property line and parking is allowed in the driveways. No variance was required for the driveways.

74. Defendant approved plans for residential units at 868-870 10th Avenue South, Jacksonville Beach. The driveways are contiguous to the internal property line and parking is allowed in the driveway. No variance was required for the driveways.

75. Defendant approved plans for residential units at 688-690 10th Avenue South, Jacksonville Beach. The driveways are within five (5) feet of the internal property line. No variance was required for the driveways.

76. Defendant approved plans for residential units at 632-634 11th Avenue South, Jacksonville Beach. The driveways are contiguous to the internal property line and parking is allowed in the driveway. A variance was required for the side yards and the lot coverage but no variance was required for the driveways.

77. Defendant approved plans for residential units at 1002-1004 2nd Street South, Jacksonville Beach where the driveways and a walkway are within five (5) feet of the internal property line. A variance was required for the side setbacks and lot coverage but

no variance was required for the driveway or walkway. Parking is allowed in the driveway.

78. Defendant approved plans for residential units at 420–424 5th Avenue South, Jacksonville Beach where the walkways are within five (5) feet of the internal property line. A variance was required for the side yard setback and lot coverage but not the driveways or walkways.

79. Defendant approved plans for residential units at 500-502 5th Avenue South, Jacksonville Beach where the walkways are within five (5) feet of the property line. A variance was required for the corner setback, the side setback and the lot coverage but not the walkways.

80. Defendant approved plans for residential units at 1026 2nd Street South, Jacksonville Beach where some of the driveways are contiguous to the internal property line, some are within five (5) feet of the internal property lines and some of the walkways are within five (5) feet of the internal property lines. No variance was required for the driveways or walkways. Two of the garages are single car garages and parking is allowed in the driveway.

81. Defendant approved plans for residential units at 207-209 7th Avenue South, Jacksonville Beach where the driveways and walkways are within five (5) feet of the internal property line. A variance was required for the side yard setback and the lot coverage but not the walkways or driveways.

82. Defendant approved plans for residential units at 204-210 21st Avenue South, Jacksonville Beach where the driveways and walkways are within five (5) feet of the internal property lines and parking is allowed within the driveways. A variance was

required for the rear yard setback but no variance was required for the driveways or walkway.

83. Plaintiff has submitted a public records request for all variances for the aforementioned properties and all information is based on what Defendant has provided Plaintiff. *See* Attached Composite **Exhibit F**.

84. The aforementioned residential units are identical to the Plans in all relevant and material respects as to driveways and/or walkways.

85. Per the PDD, approving the Plans would create "political fallout" and would be politically disastrous due to townhouses being perceived by the PDD unpopular with citizens who speak at public hearings.

86. Defendant has acted under color of law.

87. Plaintiff has a clearly established legitimate constitutional right – the equal protection right not to be treated differently under the Land Development Code than other similarly situated land owners.

88. Defendant has unequally applied the definition of accessory uses and parking areas and the provisions of the Land Development Code and is discriminating against Plaintiff.

89. Defendant's actions as to the Plans are wholly arbitrary.

90. Defendant has no rational basis for treating Plaintiff different than other similarly situated property owners as to driveways and walkways.

91. Defendant has unduly discriminated against Plaintiff and unduly prejudiced Plaintiff by failing to review and approve the Plans on the basis of the location of driveways and walkways with respect to property lines when plans with similar walkways and

driveways have been reviewed and approved and no variance was required of the similar plans as to the location of walkways and driveways.

92. Defendant has violated Plaintiff's right to equal protection and due process under the law by selectively applying accessory use/structure/parking area standards to Plaintiff's proposed driveways and walkways while not applying the same to other similar projects.

93. Defendant has violated Plaintiff's right to equal protection and due process under the law by requiring Plaintiff to get a variance for driveways and/or walkways where similarly situated projects were not required to get a variance for said items.

## COUNT III – EQUAL PROTECTION AND DUE PROCESS, ARTICLE I, SECTION II OF THE FLORIDA CONSTITUTION

94. This is an action for violation of Fla. Const. art. I, § 2, Paragraphs 1-93 are hereby incorporated.

95. Defendant has acted under color of law.

96. Plaintiff has a clearly established legitimate constitutional right – the equal protection right not to be treated differently under the Land Development Code than other similarly situated land owners.

97. Defendant has unequally applied the definition of accessory uses and parking areas and the provisions of the Land Development Code and is discriminating against Plaintiff.

98. Defendant's actions as to the Plans are wholly arbitrary.

99. Defendant has no rational basis for treating Plaintiff different than other similarly situated property owners as to driveways and walkways.

100. Defendant has unduly discriminated against Plaintiff and unduly prejudiced Plaintiff by failing to review and approve the Plans on the basis of the location of driveways and walkways with respect to property lines when plans with similar walkways and driveways have been reviewed and approved and no variance was required of the similar plans as to the location of walkways and driveways.

101. Defendant has violated Plaintiff's right to equal protection and due process under the law by selectively applying accessory use/structure/parking area standards to Plaintiff's proposed driveways and walkways while not applying the same to other similar projects.

102. Defendant has violated Plaintiff's right to equal protection and due process under the law by requiring Plaintiff to get a variance for driveways and/or walkways where similarly situated projects were not required to get a variance for said items.

## COUNT IV – INVERSE CONDEMNATION

103. This is an action for damages caused by inverse condemnation and regulatory taking pursuant to U.S. Const. Amend. V And XIV and Art. X, § 6, Fla. Const. Plaintiff re-alleges and incorporates paragraphs 1 through 102 herein.

104. Townhouses are an allowed use in the RM-1 Zoning District.

105. Up to six (6) townhouses are allowed to be constructed contiguously - each with at least one common wall and no space between property lines.

106. By arbitrarily and selectively determining that driveways must be five (5) feet from a property line Defendant has prohibited Plaintiff from constructing six (6) townhouses on Property - a use allowed by right in the RM-1 Zoning District.

107. Defendant's actions/inactions constitute a regulatory taking.

108. Defendant's actions/inactions are not reasonably necessary to effectuate a substantial government purpose.

109. Defendant's actions/inactions have substantially interfered with Plaintiff's investment backed expectation for Property.

110. Defendant has not offered Plaintiff any compensation for the regulatory taking.

111. Plaintiff has been required to hire the undersigned attorney to bring this action.

### INJUNCTION

Plaintiff seeks issuance of an injunction. Alternative pleadings are authorized by Rule 1.110(b), Florida Rules of Civil Procedure. Plaintiff re-alleges and incorporates paragraphs 1 through 111 herein.

112. Under Florida law, and pursuant to the above described allegations, Plaintiff has a substantial likelihood of success in this matter because Defendant has refused to process and approve the Plans and in doing so has acted in an arbitrary, capricious, discriminatory and prejudicial manner with no basis in law or fact.

113. Unless Defendant is ordered to process and approve the Plans, Plaintiff will suffer irreparable harm.

114. As to the current on-going above described activities, Plaintiff has no adequate remedy at-law.

115. Enjoining Defendant from denying approval of the Plans will not harm Defendant as much as continuation of the denial will harm Plaintiff. Plaintiff requires the entry of an injunction against Defendant and all other parties

116. .An injunction will not disserve, but, in fact, will promote the public interest.

## DEMANDS FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

1. Find and determine that this is a case of actual controversy over which it has jurisdiction;

2. Provide declaratory relief determining that the Plans' proposed driveways and walkways are not accessory uses/structures nor are they parking areas, under the Land Development Code.

3. Issue an injunction preventing Defendant from denying the Plans due to the proposed driveways and walkways being within five (5) feet of the property lines.

4. Provide Plaintiff with compensatory damages to be determined by the trier of fact.

5. Provide Plaintiff an award of attorney's fees pursuant to 42 USC § 1988(b).

6. Award full and just compensation as a result of Defendant's unlawful and unauthorized regulatory taking.

7. Grant Plaintiff such other and further relief that the Court deems proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all causes.

*s/Zach Miller*
Zach Miller
Zach_miller@bellsouth.net
Fla. Bar No. 192557
501 Riverside Avenue, Suite 901
Jacksonville, FL 32202
(904) 396-5731
(904) 399-5461 facsimile